IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. 3-06-CV-1792-O |
| ex rel. MICHAEL J. DEKORT, *et al.* | : | |
| | : | |
| Plaintiff | : | Judge Reed C. O'Connor |
| | : | |
| v. | : | Magistrate Judge Paul D. Stickney |
| | : | |
| INTEGRATED COAST GUARD | : | |
| SYSTEMS, A JOINT VENTURE, *et al.* | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM IN SUPPORT OF
RELATOR'S MOTION *IN LIMINE* CONCERNING THE CIVIL PENALTY,
TREBLE DAMAGE, AND ATTORNEYS' FEES PROVISIONS OF THE FALSE
CLAIMS ACT**

It is improper for defense counsel in a treble-damage and/or fee-shifting case to mention, in the presence of the jury, that its damage award is subject to trebling by the Court, or that the Plaintiff's attorneys' fees may be shifted to the Defendants, or the amount of civil penalty dollars which will be decided by this Court. By law, these are all matters entrusted to the Court alone. The jury has no role to play in these matters.[1] Relator, therefore, asks that this Court instruct the Defendants to act in accordance therewith in the presence of the jury at all times during the trial.

**I.   THE FALSE CLAIMS ACT**

The express terms of the False Claims Act require that damages suffered by the United

---

[1] Although the jury does not determine the *amount* of the civil penalties, it will however determine the *number* of civil penalties.

States be trebled and that civil penalties between $5,000 and $10,000 be awarded for each false claim:

> Any person who . . . [violates the False Claims Act] . . . is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person . . . .[2]

### A.     Civil Penalties

The award of civil penalties is automatic for each false claim and is recoverable "solely upon proof that false claims were made, and no proof of any damages is required."[3]

While the jury will make factual findings as to the number of false claims submitted, the resulting calculation of the *amount* of mandatory civil penalties is a matter entrusted solely to the

---

[2] 31 U.S.C. § 3729(a)(1)(G).  The penalty amounts are to be adjusted accordingly pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990.  28 U.S.C. § 2461.  Currently, those amounts range between $5,500.00 and $11,000.00.  *See id.*

[3] S. Rep. No. 345, 99th Cong., 2d Sess. 8-10 (1986), *reprinted* in 1986 U.S.C.C.A.N. 5266, 5273-75; *Varljen v. Cleveland Gear Co., Inc.,* 250 F. 3d 4265, 429 (6th Cir. 2001)("[R]ecovery under the FCA is not dependent upon the government's sustaining monetary damages."); *United States v. Killough*, 848 F.2d 1523, 1533 (11th Cir. 1988) ("the imposition of forfeitures under the Act is not discretionary, but is mandatory for each claim found to be false"); *United States ex rel. Thompson v.  Columbia/HCA Healthcare* Corp., 20 F. Supp. 2d 1017, 1034 (S.D. Tx. 1998*)* ("'proof of actual damage is not a prerequisite to the recovery of a forfeiture' under the FCA") *citing United States v. Ridglea State* Bank, 357 F.2d 495, 497 (5th Cir. 1966); *United States ex rel. Walle v. Martin Marietta Corp.*, 1997 U.S. Dist. LEXIS 138 at * 4 (E.D. La. 1997) (citations omitted)(Appx. 15);  *United States ex rel. Luther v. Consolidated Indus.*, 720 F. Supp. 919, 924 (N.D. Al. 1989) ("the government does not have to actually pay or approve a false claim for there to be recovery under the Act.  Once an individual knowingly *submits* a false claim for payment or approval, that individual is liable for a forfeiture of not less than $5,000 and not more than $10,000"); *United States ex rel. Marcus v. Hess*, 41 F. Supp. 197, 218 (W.D. Pa. 1941), *aff'd*, 317 U.S. 537 (1943) (even when the government does not pay out money because it discovers the fraud, the False Claims Act "makes it plain that regardless of the damages sustained, the United States would still be entitled to recover the penalty").  *See also* James B. Helmer, Jr., *False Claims Act: Whistleblower Litigation* § 14-2, pp. 686-687 (5th ed. 2007).

discretion of the trial court.[4]  Several courts have held that "in exercising this discretion, the court should give effect to the major purpose of a civil penalty: deterrence."[5]  However, the Supreme Court has held that the primary purpose of the Act's civil penalty provision "is to make the government whole for such costs as detection, investigation, and prosecution of those who defraud the United States."[6]  Therefore, as the amount of this award is a matter of law performed solely by the Court, the Defendants should be prohibited from making any mention of it in the presence of the jury.

### B.     Treble Damages

The False Claims Act requires that all damages sustained by the Government, as assessed by the jury, be trebled.[7]  The Supreme Court has characterized this treble-damage provision of the False Claims Act as "essentially punitive in nature."[8]

### C.     Awards of Attorneys' Fees and Costs

Upon a jury determination that False Claims Act liability is established, a relator is

---

[4] *See e.g., United States v. Bornstein,* 423 U.S. 303, 311 (1976); *United States v. ITT Continental Baking, Co.*, 420 U.S. 223, 230 n.6 (1975); *United States v. Lorenzo*, 768 F. Supp. 1127, 1133 (E.D. Pa. 1991).

[5] *United States ex rel. Longhi v. Lithium Power Technologies, Inc.*, 530 F. Supp. 2d 888, 899 (S.D. Tx. 2008), *aff'd,* 575 F.3d 458 (5th Cir. 2009), *cert. denied,* 2010 U.S. LEXIS 3370 (2010); *United States v. Environmental Waste Control, Inc.*, 710 F. Supp. 1172, 1242 (N.D. Ind. 1989), *citing, inter alia*, *United States v. Swingline, Inc.*, 371 F. Supp. 37, 47 (E.D.N.Y. 1974).

[6] *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 552 (1943); *United States v. Bornstein*, 423 U.S. 303, 312-15 (1976).  *See also United States ex rel. Longhi v. Lithium Power Technologies, Inc.*, 530 F. Supp. 2d 888, 899 (S.D. Tx. 2008), *aff'd,* 575 F.3d 458 (5th Cir. 2009), *cert. denied,* 2010 U.S. LEXIS 3370 (2010).

[7] 31 U.S.C. § 3729(a).

[8] *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 784 (2000).

entitled to have the Court award:

> reasonable expenses **which the court finds** to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against the defendant.[9]

## II. ARGUMENT

### A. The Determination of Civil Penalties, Treble Damages, and Attorneys' Fees and Costs Is A Matter Entrusted Solely to the Court

To permit the jury to know of damage-trebling when it is required by law to award the United States all its damages is to risk encouraging that jury to divide by three the number it believes should be awarded. The awarding of attorneys' fees and the trebling of damages are functions performed solely by the Court. Similarly, the award of the *amount* of civil penalties is performed solely by the Court.[10] Because there can be no fair use of these issues at any stage of these proceedings (or at least in the presence of the jury), the Court should preclude all references to (a) the amount of the civil penalty provision of the False Claims Act; (b) the trebling of damages; and (c) the attorney-fee shifting provisions.

This is not an issue of first impression under the False Claims Act. Courts that have addressed the issue of revealing the treble damage and civil penalties provisions to the jury agree that the jury should not be instructed on such provisions.[11] And as observed in *Laymon*, the

---

[9] 31 U.S.C. § 3730(d) (emphasis supplied).

[10] The jury will determine only the *number* of civil penalties.

[11] *United States ex rel. Laymon v. Bombardier Transp. (Holdings), USA, Inc.*, 656 F. Supp. 2d 540, 547 (W.D. Pa. 2009); *United States v. Estate of Rogers*, 2002 U.S. Dist. LEXIS 24282, *3 (E.D. Tenn. 2002) ("[t]he plaintiff's motion *in limine* to exclude from the jury any reference to the trebling of damages and imposition of civil penalties under the False Claims Act … is GRANTED.")(Appx. 12).

Supreme Court also strongly implies that a jury should not be instructed on treble damages nor on civil penalties.[12] There is simply no reason for instructing the jury on treble and civil damages as the jury is tasked with determining the number of violations and fixing the amount of actual damages, while "the application of statutory penalties and trebling of damages are mechanical actions for the court alone."[13]

This issue has long been resolved in both the antitrust and RICO arenas which have fee-shifting and treble damage provisions similar to the False Claims Act. Indeed, the Second Circuit Court of Appeals has observed that a "cornucopia" of authority under the antitrust laws stands for precisely the proposition Relator now advances.[14]

> Every authority brought to this court's attention upholds excluding references to trebling and attorneys fees in the RICO context. *See, e.g., Liquid Air Corp. v. Rogers*, 834 F.2d 1297, 1308 n.7 (7th Cir. 1987) (explaining that information regarding RICO's trebling provision is properly excluded because it "is irrelevant to a jury's deliberations and may confuse or prejudice the jury"), *cert. denied*, 492 U.S. 917, 109 S. Ct. 3241, 106 L. Ed. 2d 588 (1989); *Vidosh v. Holsapple*, No. 84CV2447DT, 1987 WL 273164, at *12-13, 1987 U.S. Dist. LEXIS 15749, at *39 (E.D. Mich. Feb. 2, 1987) ("[T]o inform the jury of a treble damage provision will cause it to adjust its award accordingly and thus distort its true function of finding damages…"); *Rhue v. Dawson*, 173 Ariz. 220, 224, 841 P.2d 215, 229 (Ct. App. 1992) (informing the jury of trebling provision might thwart purpose of state RICO statute by inducing the jury to reduce or eliminate damage award). Likewise, commentators uniformly advise against bringing RICO's trebling

---

[12] *Laymon*, 656 F. Supp. 2d at 547, *citing Cook County v. United States ex rel. Chandler*, 538 U.S. 119, 131-132 (2003).

[13] *United States ex rel. Miller v. Bill Harbert Int'l. Construction, Inc.*, 2007 U.S. Dist. LEXIS 17792 at * 8 (D. D.C. 2007), *aff'd*, 608 F.3d 871 (D.C. Cir. 2010)(Appx. 9). *See also United States ex rel. Sanders v. Allison Engine Co.*, No. 1-95-CV-970 (S.D. Ohio February 14, 2005) Doc. No. 645 (Appx. 1-4); *United States ex rel. Koch v. Koch Industries, Inc.*, 1999 U.S. Dist. LEXIS 16622 at * 8–9 (D. Okla. 1999) (evidence of attorneys' fees paid to prosecute or defend the action excluded under Fed. R. Evid. 403)(Appx. 5).

[14] *HBE Leasing Corp. v. Frank*, 22 F.3d 41, 45 (2d Cir. 1994).

provisions to the jury's attention. *See, e.g.*, 4 Sand, Siffert, Reiss & Batterman, *Modern Federal Jury Instructions*, § 84.06, at 84-74 to 75 (1993) ("As in antitrust treble damages cases, it is not appropriate to inform the jury of trebling and attorneys fee provisions."); 3 Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions*, § 100.11 at 841 (4th Ed. 1987).[15]

Treble damages and attorneys' fees are, of course, also recoverable for antitrust violations under the Clayton Act.[16] In that context as well, courts, including the Fifth Circuit, have uniformly concluded that mentioning treble damages and attorneys' fees to the jury is improper.[17]

As the Fifth Circuit astutely observed, the mandatory treble damages of the Clayton Act is a matter of law to be applied by the court without interference from the jury — revealing the provision to the jury would serve no useful purpose.[18] That same logic should also apply in the context of the False Claims Act.

Defendants have advised that they now want to discuss treble damages and civil penalties with the jury to show bias on the part of the Relator because the False Claims Act provides that

---

[15] *HBE Leasing*, 22 F.3d at 45-46.

[16] 15 U.S.C. § 15.

[17] *See CVD, Inc. v. Raytheon Co.*, 769 F.2d 842, 860 (1st Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986); *Arnott v. American Oil Co.*, 609 F.2d 873, 889 n.15 (8th Cir. 1979), *cert. denied*, 446 U.S. 918 (1980); *Noble v. McClatchy Newspapers*, 533 F.2d 1081, 1090-91 (9th Cir. 1975), *vacated on other grounds*, 433 U.S. 904 (1977); *Pollock & Riley, Inc. v. Pearl Brewing Co.*, 498 F.2d 1240, 1242-43 (5th Cir. 1974), *cert. denied*, 420 U.S. 992 (1975); *Semke v. Enid Auto. Dealers Ass'n*, 456 F.2d 1361, 1370 (10th Cir. 1972); *Refuse & Envtl. Sys. v. Industrial Servs. of Am.*, 732 F. Supp. 1209, 1213 n.5 (D. Mass. 1990), *rev'd on other grounds*, 932 F.2d 37 (1st Cir. 1991); *C. Albert Sauter Co. v. Richard S. Sauter Co.*, 368 F. Supp. 501, 518 (E.D. Pa. 1973); *Webster Motor Car Co. v. Packard Motor Car Co.*, 135 F. Supp. 4, 10-11 (D.D.C. 1955), *rev'd on other grounds*, 243 F.2d 418 (D.C. Cir.), *cert. denied*, 355 U.S. 822 (1957).

[18] *Pollock & Riley, Inc. v. Pearl Brewing* Co., 498 F.2d 1240, 1243 (5th Cir. 1974).

the Relator receives an award based on such numbers.  Defendants are incorrect.  This Court will instruct the jury at the appropriate time that the Court may award a portion of any recovery if the Relator is successful. 31 U.S.C. § 3730(d).  The amount, if any, so awarded will be determined by this Court — not the jury — and no party knows or can testify about what that amount will be.  Thus, while the fact of a potential award as a possible basis for bias may be inquired into by defense counsel, the amount of any such potential award is speculative.[19]  Defendants should not be permitted to confuse the jury to speculate about matters which are solely entrusted by the Act to this Court to determine.

### III.   CONCLUSION

Because Defense counsel indicates they intend to inform the jury of matters entrusted for decision to this Court, Relator respectfully moves this Court for an Order prohibiting argument or

---

[19] In response to a *qui tam* defendant's identical argument that it needed to inform the jury of treble damages and statutory penalties to demonstrate some increased risk of relator bias or impaired credibility, Judge Royce Lamberth found the probative value of such information as slight and greatly outweighed by the significant prejudicial effect it would likely have. *United States ex rel. Miller v. Bill Harbert Int'l Construction, Inc.*, 2007 U.S. Dist. LEXIS 17792 at *7 (D.D.C. 2007), *aff'd*, 608 F.3d 871 (D.C. Cir. 2010)(Appx. 5).

comment before the jury:

    a.    about the amount that the False Claims Act provides for the award of civil penalties;

    b.    that the False Claims Act provides for treble the amount of damages which the Government sustains due to a violation of 31 U.S.C. § 3729; and/or

    c.    that the False Claims Act provides for the award of attorneys' fees for successful relators.

Respectfully submitted,

/s/ James B. Helmer, Jr.
James B. Helmer Jr. (*pro hac vice*)
Robert M. Rice (*pro hac vice*)
Julie W. Popham (*pro hac vice*)
Erin M. Campbell (*pro hac vice*)
HELMER, MARTINS, RICE, &
POPHAM, Co., L.P.A.
600 Vine Street, Suite 2704
Cincinnati, Ohio 45202
T: (513) 421-2400
F: (513) 421-7902
support@fcalawfirm.com

Samuel L. Boyd
SBN: 022777500
Catherine C. Jobe
SBN: 10668280
BOYD & ASSOCIATES
6440 North Expressway.
Suite 600
Dallas, Texas 75206-4101
T: (214) 696-2300
F: (214) 363-6856
sboyd@boydfirm.com

*Attorneys for Relator/Plaintiff*
*Michael J. DeKort*

## CERTIFICATE OF SERVICE

    On this date, September 20, 2010, I electronically submitted the foregoing Relator DeKort's Motion *in Limine* pursuant to the Scheduling Order (Doc. 110) and with the clerk of the United States District Court for the Northern District of Texas pursuant to the electronic filing system of the court.

    /s/ James B. Helmer, Jr.