**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. 3-06-CV-1792-O |
| ex rel. MICHAEL J. DEKORT, *et al.* | : | |
| | : | |
| Plaintiff | : | Judge Reed C. O'Connor |
| | : | |
| v. | : | Magistrate Judge Paul D. Stickney |
| | : | |
| INTEGRATED COAST GUARD | : | |
| SYSTEMS, A JOINT VENTURE, *et al.* | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM IN SUPPORT OF RELATOR'S MOTION *IN LIMINE*
CONCERNING THE GOVERNMENT'S NON-INTERVENTION DECISION**

**I.     BACKGROUND**

The False Claims Act specifically provides (and has since 1863) that a civil action may be brought by any person against one who submitted or causes to submit a false claim. Such civil action is brought "for the person and for the United States Government." And such action is brought "in the name of the Government." 31 U.S.C. § 3730(b). Such civil actions are known as "qui tam" actions.[1] Such civil actions are designed by Congress to create a "public-private"

---

[1] The private citizen who brings the action on behalf of the United States is considered the "*qui tam* plaintiff" or the "relator." *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 337 Fed. Appx. 379, 379 (5th Cir. 2009) (Appx. 4); *United States ex rel. Grubbs v. Kanneganti*, 556 F.3d 180, 184 (5th Cir. 2009).

partnership in protecting the Treasury.[2]

In a *qui tam* False Claims Act action the False Claims Act affords the United States Department of Justice five options:

(1) intervene and take over primary responsibility for the prosecution of the case;[3]

(2) dismiss the action if it believes that the case lacks merit;[4]

(3) not intervene and authorize the relator to prosecute the action as a private attorney general on behalf of and in the name of the United States;[5]

(4) settle the *qui tam* action over the relator's objections;[6] or

(5) elect to pursue its claim through any alternate remedy available to the Government.[7]

2

Here, the Department of Justice elected option three, to not intervene. The Government did not move to dismiss this action. Instead, it authorized Relator DeKort to prosecute this action on its behalf[8] as the *qui tam* plaintiff as permitted by the False Claims Act. Thereafter, the Department of Justice wrote to Relator's counsel and, in accord with the express terms of the False Claims Act, stated that no one should view the Government's non-intervention as a comment upon the merits of this action:

---

[2] 132 Cong. Rec. 29315, 29321-22 (October 7, 1986).

[3] 31 U.S.C. § 3730(c)(1).

[4] 31 U.S.C. § 3730(c)(2)(A).

[5] 31 U.S.C. § 3730(b)(1) and (c)(3).

[6] 31 U.S.C. § 3730(c)(2)(B).

[7] 31 U.S.C. § 3730(5).

[8] Doc. 45.

1. Decision not to intervene

> Our decision not to intervene at this time should not be construed as a statement about the merits of the case. Indeed, the Government retains the right to intervene at a later date upon a showing of good cause. 31 U.S.C. § 3730(c)(3).[9]

## II. THE GOVERNMENT'S NON-INTERVENTION DECISION SHOULD NOT BE ADMISSIBLE IN THIS ACTION

As a matter of law, any argument, suggestion, or hint by Defendants that this action lacks merit because the United States Department of Justice did not intervene is prohibited as legally and factually wrong, irrelevant (Rule 402, Fed. R. Evid.) and, even if relevant, unfairly prejudicial (Rule 403, Fed. R. Evid.).

Statutes authorizing *qui tam* actions, like the False Claims Act, are older than the Republic.[10] These statutes exist upon the Congressional theory that "one of the least expensive and most effective means of preventing frauds on the Treasury is to make the perpetrators of them liable to actions by private persons...."[11] A *qui tam* relator is bestowed with the authority of a private attorney general.[12] This enforcement methodology has served this Nation well since the

---

[9] Exhibit 1, Department of Justice 6/16/09 Letter to Mr. Boyd, p. 1, Appx. 1.

[10] *United States ex rel. Milam v. Univ. of Texas M.D. Anderson Cancer Ctr.*, 961 F.2d 46, 49 (4th Cir. 1992), *citing Marvin v. Trout*, 199 U.S. 212, 225 (1905). *See also* James B. Helmer, Jr., *False Claims Act: Whistleblower Litigation* § 2-1, at 36-39 (5th ed. 2007).

[11] *United States ex rel. Doyle v. Health Possibilities, P.S.C.*, 207 F.3d 335, 340 (6th Cir. 2000), *quoting Hughes Aircraft Co. v. United States ex rel. Schumer*, 520 U.S. 939, 949 (1997). *See also United States ex rel. Grubbs v. Kanneganti*, 556 F.3d 180, 184 (5th Cir. 2009), *citing United States ex rel. Milam*, 961 F.2d at 49 (noting relators serve as a posse of *ad hoc* deputies).

[12] *Doyle,* 207 F.3d at 340; *United States ex rel. Milam*, 961 F.2d at 49; *United States ex rel. Berge v. Board of Trustees of the Univ. of Alabama*, 104 F.3d 1453, 1458 (4th Cir. 1997), *cert. denied*, 522 U.S. 916 (1997).

False Claims Act's enactment during the Civil War. "[B]ecause the scope of fraud against the government is much broader than the government's ability to detect it, the *qui tam* provisions allow the government to uncover fraud that it would not otherwise be able to discern."[13]

As one Circuit Court recognized:

Congress chose, as a means to encourage citizens to come forward with knowledge of frauds against the government, to give economic incentives to a *qui tam* plaintiff. In addition, it gave the Executive Branch the option to allocate its resources elsewhere and permit the relator to prosecute the action on its behalf. Through this procedure, Congress could reasonably have envisioned that more fraud would be discovered, more litigation could be maintained, and more funds would flow back into the Treasury.[14]

Consistent with the express language of the False Claims Act and the intent of Congress, no adverse inference may be drawn from the Government's non-intervention decision:

[T]he plain language of the Act clearly anticipates that even after the Attorney General has "diligently" investigated a violation under 31 U.S.C. § 3729, the Government will not necessarily pursue all meritorious claims; otherwise there is little purpose to the *qui tam* provision permitting private attorneys general.[15]

Nor does a non-intervention decision signal that a False Claims Act case is meritless or somehow deficient:

We do not assume that in each instance in which the government declines intervention in an FCA case, it does so because it considers the evidence of wrong doing insufficient or the *qui tam* relator's allegations for fraud to be without merit. In any given case, the

---

[13] *Doyle,* 207 F.3d at 340 *citing United States ex rel. Springfield Terminal Ry. Co. v. Quinn*, 14 F.3d 645, 650-51 (D.C. Cir. 1994).

[14] *United States ex rel. Milam*, 961 F.2d at 49.

[15] *United States ex rel. Berge v. Board of Trustees of the Univ. of Alabama*, 104 F.3d 1453,1458 (4th Cir. 1997); *United States ex rel. DeCarlo v. Kiewit/AFC Enterprises, Inc.*, 937 F. Supp. 1039, 1047 (S.D.N.Y. 1996) (the Government's non-intervention is not a signal that the Government is disinterested).

government may have a host of reasons for not pursuing a claim.[16]

Thus, permitting the Defendants to mention or refer to the Government's non-intervention violates Congressional intent and the express provisions of the False Claims Act.[17]

Here, a number of events resulted in the decision of the United States Department of Justice not to intervene in this case, not the least of which was, the experience of Relator's counsel. The Government's production of numerous witnesses, thousands of docuements, and a declaration supporting Relator against Defendants' summary judgment motions demonstrates the Government's interest in the outcome of this case.

Moreover, the government's decision to not intervene is excludable under Rules 402 and 403 of the Federal Rules of Evidence as such evidence would only tend to confuse and mislead the jury, as well as waste time.[18]

### III.  CONCLUSION

Relator's Motion *In Limine* should be granted. Defendants and their counsel and agents should be prohibited from mentioning, testifying to or referring to the Government's non-intervention in the presence of the jury. The Congressional intent behind the *qui tam* provisions

---

[16] *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1360 n.17 (11th Cir. 2006). *See also Thompson v. Quorum Health Resources, LLC*, 2010 U.S. Dist. LEXIS 45767 (W.D. Ky. 2010) (evidence that the Government did not intervene is excludable as irrelevant) (Appx. 24); *United States ex rel. Feldman v. Van Gorp*, 2010 U.S. Dist. LEXIS 73633 (S.D.N.Y. 2010) (Appx. 7) (finding it irrelevant that the Department of Justice declined to intervene); *United States ex rel. El-Amin v. The George Washington Univ.*, 533 F. Supp. 2d 12, 21 (D. D.C. 2008).

[17] *See, United States ex rel. Roberts v. Lutheran Hospital*, 1998 U.S. Dist. LEXIS 15791, *10-12 (N.D. Ind. 1998) (Appx. 14).

[18] *United States ex rel. Feldman v. Van Gorp*, 2010 U.S. Dist. LEXIS 73633 at * 8 (S.D.N.Y. 2010) (Appx. 7).

of the False Claims Act prohibit such a statement. The case law prohibits such a statement. And the False Claims Act itself, 31 U.S.C. § 3730(b)(1) and (c)(3), prohibits it by explicitly authorizing the *qui tam* Relators to bring this action on behalf of and in the name of the United States Government.

Thus, any such attempt by the Defendants is inadmissible under Rule 402, Fed. R. Evid., as irrelevant. Further, even if there were some possible relevance, it is inadmissible under Rule 403, Fed. R. Evid., because it has virtually no probative value and would pose a danger of unfair prejudice, confusion of the issues, and misleading the jury:

> Congress has let loose a posse of *ad hoc* deputies to uncover and prosecute fraud against the government. [Defendants] may prefer the dignity of being chased only by the regular troops; if so, they must seek relief from Congress.[19]

Respectfully submitted,

/s/ James B. Helmer, Jr.

| | |
|---|---|
| James B. Helmer Jr. (*pro hac vice*) | Samuel L. Boyd |
| Robert M. Rice (*pro hac vice*) | SBN: 022777500 |
| Julie W. Popham (*pro hac vice*) | Catherine C. Jobe |
| Erin M. Campbell (*pro hac vice*) | SBN: 10668280 |
| HELMER, MARTINS, RICE, & POPHAM, Co., L.P.A. | BOYD & ASSOCIATES |
| 600 Vine Street, Suite 2704 | 6440 North Expressway. Suite 600 |
| Cincinnati, Ohio 45202 | Dallas, Texas 75206-4101 |
| T: (513) 421-2400 | T: (214) 696-2300 |
| F: (513) 421-7902 | F: (214) 363-6856 |
| support@fcalawfirm.com | sboyd@boydfirm.com |

*Attorneys for Relator/Plaintiff Michael J. DeKort*

---

[19] *United ex rel. Milam*, 961 F.2d at 49.

## CERTIFICATE OF SERVICE

      On this date, September 20, 2010, I electronically submitted the foregoing Relator DeKort's Motion *in Limine* pursuant to the Scheduling Order (Doc. 110) and with the clerk of the United States District Court for the Northern District of Texas pursuant to the electronic filing system of the court.

/s/ James B. Helmer, Jr.