IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| ex rel. MICHAEL J. DEKORT, et al. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:06-CV-1792-O** |
| | § | |
| INTEGRATED COAST GUARD | § | |
| SYSTEMS, et al. | § | |
| | § | |
| Defendants. | § | |

## **SHOW CAUSE ORDER**

The Court is concerned that Relator Michael J. DeKort has provided false testimony in these proceedings and hereby Orders Relator to show cause why he should not be held in contempt or sanctioned.

On September 8, 2009 Relator filed his Appendix in Support of Response in Opposition to Defendant Northrop Grumman's Motion to Dismiss. ECF No. 91. Included in this Appendix was the Affidavit of Michael DeKort signed on September 4, 2009. Relator's App. Supp. Resp. Opp'n Def. Northrop Grumman's Mot. Dismiss 3-5, ECF No. 91. In his affidavit Relator testified as follows:

> I learned during the course of my employment with Lockheed Martin on the Deepwater Project that there were substantial problems with shaft alignment and hulls on the 123 cutters. I learned this in the course of my employment by attending and participating in meetings at which these issues were discussed, and at which employees of Bollinger complained of these issues. I learned in the course of these meetings that the hull problems caused shaft alignment problems, which, in turn could cause hull buckling, deformation, or damage. Specifically, I learned about the shaft and bearing issues first hand

> from Bollinger's 123 program manger [sic] and program director (TJ Hamblin and Bill Dickens) during status meetings on site in the fall of 2003. Personnel from [ICGS], Northrop Grumman, and Lockheed Martin were in attendance at these meetings as well, and knew of these problems and the likely consequences. . . I also learned in the course of these meetings that the hull buckling violated contractual requirements, as the boat could not meet mission performance requirements. I learned of these issues directly in the course of my employment, and independent of any of the documents contained in the Appendix filed by Northrop Grumman in support of its Motion to Dismiss this action. I never saw any of the documents contained in Northrop Grumman's Appendix prior to the date when my Second Amended Complaint was filed, December 4, 2006.

*Id*. at 3-4. After being confronted with these statements in his deposition, conducted almost a year later, on June 3, 2010, both the substance of Relator's testimony and his admissions demonstrate that his testimony contained in this affidavit was almost entirely false. *See generally* Def. Northrop Grumman's App. Br. Supp. Mot. Summ. J. Vol. 1 16-88, ECF No. 231; DeKort Dep. 69-267, June 3, 2010. Specifically, Relator did not learn of any issues having to do with hull buckling until at least some time in 2004. App. at 84; Dep. at 263. In fact, according to his deposition testimony, the only time Relator was privy to a discussion of shaft alignment issues was in one conversation in the fall of 2003 during a daily meeting at the Bollinger facility in Louisiana. Relator's App. Supp. Resp. Opp'n Def. Northrop Grumman's Mot. Summ. J. 122-25, ECF No. 239; DeKort Dep. 161-76, June 3, 2010. Relator went on to admit that these statements in his September 4, 2009 affidavit, insofar as they were referring to hull buckling issues, were incorrect. Def. Northrop Grumman's App. Br. Supp. Mot. Summ. J. Vol. 1 83-88, ECF No. 231; DeKort Dep. 262-67, June 3, 2010.

     The Court believes that Relator's statements in his affidavit indicate that they were beyond mere imprecision and were affirmatively false and misleading. In particular, Relator

stated "that the hull problems caused shaft alignment problems, which, in turn could cause hull buckling, deformation, or damage." Relator could not have learned this in the meeting in fall of 2003 since the hull buckling on the first ship, the Matagorda, did not occur until fall of 2004. Relator also stated: "I also learned in the course of these meetings that the hull buckling violated contractual requirements, as the boat could not meet mission performance requirements[;]" again, this could not possibly be true since hull buckling did not occur until the fall of 2004. These statements are complete falsehoods.

      The Court rejects Relator's belated attempt, in his deposition errata sheets, to show that these "errors" were in fact corrected in a later affidavit and in Relator's deposition. *See* Relator's App. Supp. Resp. Opp'n Def. Northrop Grumman's Mot. Summ. J. 134, ECF No. 239. At no point, until he was confronted during his deposition by opposing counsel, did Relator voluntarily come forward and acknowledge that he had filed a sworn affidavit that contained false statements. While Relator's subsequent Declaration, signed on March 1, 2010, does not appear to contain the same falsehoods, it cannot be said to "correct" his prior affidavit since it does not acknowledge that there is anything to be corrected. *See* Relator's Supplemental Evidence Supp. Opp'n Def. Northrop Grumman's Mot. Dismiss Fifth Am. Compl. Ex. A, ECF No. 150. The same can be said for Relator's deposition statements before he was confronted with his affidavit; just because Relator wisely did not repeat his false statements does not mean that he was trying to "correct" them.

      Additionally, the Court is concerned that Relator, in his Fifth Amended Complaint, alleged facts for which he had no good faith basis to believe were actually true and correct. In his deposition Relator admitted that he had absolutely no recollection of the factual basis upon which

he based his allegations in ¶ 127 of his Fifth Amended Complaint. Def. Northrop Grumman's App. Br. Supp. Mot. Summ. J. Vol. 1 45-53, ECF No. 231. Relator also stated that he did not completely understand the meaning of his allegations in ¶ 134 of his Complaint. *Id*. at 76-80.

The Court notes the above discussed false statements and questionable pleading. It is therefore **ORDERED** that Relator file a brief with the Court stating why he should not be held in contempt of Court or sanctioned under Federal Rule of Civil Procedure 11, the Court's inherent powers, or any other basis. Relator must file his brief by 5:00 PM on Thursday, October 21, 2010.

**SO ORDERED** on this **19th** day of **October, 2010.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE