IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. | § | |
| MICHAEL J. DEKORT, and MICHAEL J. | § | |
| DEKORT, individually, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-cv-1792-O (BF) |
| | § | |
| INTEGRATED COAST GUARD | § | |
| SYSTEMS, LLC, LOCKHEED MARTIN | § | |
| CORPORATION, and, NORTHROP | § | |
| GRUMMAN SHIP SYSTEMS, INC., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Relator Michael J. DeKort has filed objections to separate bills of costs filed by Defendants

Integrated Coast Guard Systems, LLC ("ICGS") and Huntington Ingalls Incorporated ("HII"), f/k/a

Northrup Grumman Shipbuilding, Inc., successor by merger to Northrup Grumman Ship Systems,

Inc. For the reasons stated herein, Relator's objections to the cost bills should be OVERRULED in

part and SUSTAINED in part.

### Background

This is a *qui tam* action under the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA"),

brought by Relator against his former employer, Lockheed Martin Corporation ("Lockheed") and

HII, as subcontractors to ICGS. After Relator settled his claims against Lockheed, the District Court

dismissed the remaining claims against ICGS and HII for lack of subject matter jurisdiction because

-1-

Relator's FCA claims were based on publicly disclosed information for which Relator was not an

original source. *See* Memorandum Opinion and Order, 10/27/10 (Doc. 482) at 19. The District

Court entered a final judgment in this case on March 28, 2011. The Fifth Circuit affirmed the

District Court's judgment, and its mandate was entered on August 14, 2012. Two weeks later, ICGS

and HII filed separate cost bills pursuant to 28 U.S.C. §§ 1919 & 1920 seeking $75,131.21 and

$61,226.09, respectively. *See* Docs. 529 & 530. Relator objects that Defendants are not entitled to

recover any costs on grounds that (1) Defendants are not prevailing parties entitled to costs; (2)

Defendants' bad faith conduct precludes an award of costs; (3) public policy dictates against an

award of costs; and (4) Defendants' cost bills are untimely. In the alternative, Relator objects to all

but $1,482.02 in costs sought by ICGS and $537.79 in costs sought by HII. Relator Br. at 24, 29.

The issues have been fully briefed by the parties, and this matter is ripe for determination.

## Legal Standards and Analysis

Where, as here, a case is dismissed for lack of subject matter jurisdiction, an award of costs

is governed by 28 U.S.C. § 1919, which provides:

> Whenever any action or suit is dismissed in any district court, the
> Court of International Trade, or the Court of Federal Claims for want
> of jurisdiction, such court may order the payment of just costs.

28 U.S.C. § 1919. *See Religious Tech. Ctr. v. Liebreich*, 98 F. App'x 979, 986-87 & n. 24 (5th Cir.

2004) (recognizing that district court may order the payment of "just costs" when a case is dismissed

for lack of jurisdiction); *Karnes v. Fleming*, No. H-07-0620, 2009 WL 385458, at *2 (S.D. Tex. Feb.

17, 2009) (same). Section 1919 does not require that a party be considered a "prevailing party" in

order to recover costs. *Miles v. California*, 320 F.3d 986, 988 n. 2 (9th Cir. 2003) ("Unlike Rule

54(d), § 1919 ... does not turn on which party is the 'prevailing party.'"); *Karnes*, 2009 WL 385458,

at *2 (citing *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 n. 8 (10th Cir.1998) (recognizing similar distinction between award under Rule 54(d) and section 1919). Rather, section 1919 provides a court with broad discretion to determine what costs are "just" based on the totality of the circumstances. *Otay Land Co. v. United Enter.*, 672 F.3d 1152, 1156 (9th Cir. 2012); *see also Liebreich*, 98 F. App'x at 987 (costs awarded under section 1919 are "purely *permissive*") (emphasis in original). Among the non-exclusive factors that inform a court's discretion to award costs are the presence of exigent circumstances, such as hardship or culpable behavior by the parties, and the strength of the plaintiff's jurisdictional claims. *Otay Land Co.*, 672 F.3d at 1158-59.

In this case, the District Court should award just costs to ICGS and HII based on the weakness of Relator's jurisdictional claims and his culpable behavior. The District Court found that Relator's jurisdictional claim under the FCA lacked merit when it determined his allegations were based on publicly disclosed information for which Relator was not the original source. *See United States ex rel. Lewis v. Walker*, No. 3:06-CV-16 CDL, 2012 WL 1672922, at *1 (M.D. Ga. May 14, 2012) (defendants entitled to just costs under section 1919 where relator's jurisdictional claim under FCA "was not especially strong" because it was dismissed pursuant to public disclosure bar). The District Court further found that Relator gave affirmatively false and misleading testimony regarding the origin of his knowledge of the facts underlying his FCA claim and may have alleged facts in his Fifth Amended Complaint for which he had no good faith basis to believe were actually true and correct. *See* Show Cause Order, 10/19/12 (Doc. 452) at 2, 3. Such misconduct constitutes an exigent circumstance that further supports an award of just costs under section 1919. *See Bollig v. Christian Cmty. Homes and Servs., Inc.*, No. 02-C-532-C, 2003 WL 23211142, at *3 (W.D. Wis.

Oct. 27, 2003) (award of costs can be appropriate if plaintiff's arguments were not substantially justified).

Relator's objections that Defendants' costs are not reimbursable are unavailing. First, there is no requirement that ICGS and HII be considered "prevailing parties" in order to be entitled to recover costs under section 1919. *Karnes*, 2009 WL 385458, at *2; *C.H. v. Nw. Indep. School Dist.*, No. 4:07-CV-444, 2008 WL 2962140, at *3 (E.D. Tex. Jul. 28, 2008). Nor does the fact that ICGS and HII engaged in discovery abuses and were ordered to pay Relator $139,015, *see* Order, 2/24/11 (Doc. 519), foreclose the recovery of costs under section 1919. The misconduct by these Defendants in failing to timely provide privilege logs and requested discovery does not outweigh Relator's own culpable conduct in misrepresenting critical facts going to the issue of the District Court's subject matter jurisdiction that supports an award of costs in this case. Contrary to Relator's arguments, public policy does not dictate against an award of costs. Courts routinely hold that cost awards under section 1919 are appropriate in FCA cases that are dismissed for lack of subject matter jurisdiction. *See, e.g., Walker*, 2012 WL 1672922; *United States ex rel. Atkinson v. Pennsylvania Shipbuilding Co.*, No. 94-7316, 2008 WL 191167 (E.D. Pa. Jan. 22, 2008). Finally, Defendants' cost bills are not untimely. As Relator acknowledges, Local Rule 54.1 -- which establishes a deadline for filing cost bills 14 days after the entry of judgment -- is simply not applicable to this case where the award of costs is governed by section 1919. *See* Relator Br. at 7-8. ICGS and HII filed their cost bills within 14 days after the filing of the Fifth Circuit's mandate affirming the District Court's decision to dismiss this case for lack of subject matter jurisdiction. Such a delay is not unreasonable under the circumstances presented here and should not prevent an award of costs pursuant to section 1919. *See Plata v. Darbun Enters., Inc.*, No. 09-CV-0044-IEG CAB, 2010 WL 3184298, at *4 n.5 (S.D.

-4-

Cal. Aug. 11, 2010), as amended (Aug 13, 2010), *aff'd*, 468 F. App'x 704 (9th Cir. 2012) (motion for award of costs pursuant to section 1919 not untimely merely because it was not filed within time prescribed by local rule for filing cost bills after entry of judgment); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, No. 3:88-CV-1963-P, 1995 WL 813691, at *2 (N.D. Tex. Oct. 17, 1995) (one month delay between issuance of appellate decision affirming dismissal of case for lack of jurisdiction and defendant's filing of motion for costs not unreasonable).

In determining what costs are included as "just costs" under section 1919, courts have looked to the costs enumerated in 28 U.S.C. § 1920. *See Callicrate*, 139 F.3d at 1339; *Nw. Indep. School Dist.*, 2008 WL 2962140, at *3 (same). Section 1920 allows for the recovery of (1) fees of the clerk; (2) fees for printed and electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) costs of making copies necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. *See* 28 U.S.C. § 1920. Having carefully reviewed Defendants' separate bills of costs, Relator's objections, and the evidence submitted in support thereof, the Court finds that the vast majority of ICGS and HII's requested costs are recoverable under section 1920 and should be awarded as "just costs" under section 1919.

The Court initially determines that ICGS and HII are entitled to recover all of their costs incurred in producing documents to Relator in response to discovery requests and for courtesy copies of dispositive motions, trial briefs, and exhibits provided to the Court. Under section 1920, costs of photocopies are recoverable upon proof of necessity. 28 U.S.C. § 1920(4); *see also Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Although a party need not "identify every xerox copy made for use in the course of a legal proceeding," there must be some nexus between the costs

incurred and the litigation. *See Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). The costs of copying documents produced to the opposing party during discovery are "necessarily obtained" for use in the litigation and recoverable. *See Rundus v. City of Dallas*, No. 3:06-CV-1823-BD, 2009 WL 3614519, at \*2 (N.D. Tex. Nov. 2, 2009), as amended, 2009 WL 9047529 (N.D. Tex. Dec. 10, 2009), *aff'd*, 634 F.3d 309 (5th Cir. Feb. 21, 2011) (citing cases). Recent decisions accounting for technological advances in document storage and retrieval have found that electronic scanning and imaging of paper documents is the modern-day equivalent of "exemplification and copies" of paper. *See id.*, at \*3; *Fast Memory Erase, LLC v. Spansion, Inc.*, No. 3:10-CV-0481-M-BD, 2010 WL 5093945, at \*5 (N.D. Tex. Nov. 10, 2010), *rec. adopted*, 2010 WL 5093944 (N.D. Tex. Dec. 13, 2010), *aff'd*, 423 Fed.Appx. 991 (Fed. Cir. Jun. 8, 2011). Thus, courts have allowed parties to recover the costs of converting paper documents into electronic files where responsive discovery documents were produced in an electronic format. *See Walker*, 2012 WL 1672992, at \*2 (awarding copying costs, including costs of converting paper documents to OCR images, in excess of \$10,000 under section 1919); *see also Fast Memory Erase*, 2010 WL 5093945, at \*5 (where electronic data was produced by agreement, in lieu of paper copies, the cost of production was recoverable under section 1920). Here, it is undisputed that ICGS and HII produced volumes of electronic images to Relator in response to written discovery requests. *See* ICGS Cost Bill, Decl. of Gregory A. Smith at 2, ¶ 4; HII Cost Bill, Decl. of David F. Taylor at 5-6, ¶ VI. Accordingly, ICGS and HII should recover \$67,829.06 and \$24,102.39, respectively, for creating electronic images of documents responsive to Relator's discovery requests. Relator's objections to such costs should be overruled.

Copying expenses for courtesy copies provided to the court also are "necessarily obtained for use in the case," especially where, as here, such courtesy copies are required by a standing order of the Court. *Cox v. Waste Mgmt. of Texas, Inc.*, No. H-10-1626, 2013 WL 690849, at *2 (S.D. Tex. Feb. 25, 2013) (awarding costs for courtesy copies under section 1920); *Peacock v. Carpedia Intern., Ltd.*, No. H-10-2273, 2012 WL 4829381, at *5 (S.D. Tex. Oct. 10, 2012) (same); *Sorkin v. Universal Bldg. Prods. Inc.*, No. 1:08-CV-133, 2010 WL 519742, at *7 (E.D. Tex. Feb. 9, 2010). Similarly, charges for obtaining copies of documents filed in the case via PACER are recoverable charges. *Giner v. Estate of Higgins*, No. EP-11-CV-126-KC, 2012 WL 2397440, at *5 (W.D. Tex. Jun. 22, 2012). HII is thus entitled to recover $1,556.10 for the costs of making courtesy copies of motions, trial briefs, and exhibits provided to the Court in this case and $842.53 in PACER printing charges. To the extent Relator objects to such costs, his objections should be overruled.

Next, the Court determines that ICGS should recover $7,302.15 and HII should recover $28,588.37 for costs associated with transcripts of depositions taken in this case. Under section 1920, taxable costs include costs for taking, transcribing, and reproducing depositions that are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). Taxable deposition costs also include costs related to video depositions. *S & D Trading Acad., LLC v. AAFIS, Inc.*, 336 F. App'x 443, 450-451 (5th Cir. 2009) (observing that the Judicial Administration and Technical Amendments Act of 2008 amended section 1920(2) to permit a judge to tax as costs fees for "electronically recorded transcripts"); *Eolas Tech. Inc. v. Adobe Sys., Inc.*, No. 6:09-CV-446, 2012 WL 4092586, at *2 (E.D. Tex. Jul. 19, 2012) (section 1920(2) permits costs to be taxed for both printed and electronically recorded transcripts so long as they are "necessarily obtained for use in the case"). Here, all of the deposition transcripts

for which Defendants seek reimbursement were cited as evidence in connection with dispositive motions or were listed as trial exhibits. *See* Def. App., Exh. 1, Decl. of Angela R. Martinez at 2-4, ¶¶ 7-8. The Court thus has little difficulty concluding that the depositions transcripts were necessarily obtained for use in the case. Relator's objections to an award of costs for the deposition transcripts necessarily obtained for use in the case should be overruled.

HII also should recover $408.00 for two hearing transcripts needed to determine his appeal of the District Court's decision to dismiss this case for lack of subject matter jurisdiction. Rule 39 of the Federal Rules of Appellate Procedure provides that if a judgment is reversed on appeal, costs are taxed against the appellee. Fed. R. App. P. 39(a)(3). Costs on appeal that are taxable in the district court include the costs of the reporter's transcript, if needed to determine the appeal. *See* Fed. R. App. P. 39(e). HII properly seeks the costs of the hearing transcripts in the District Court. Relator's objection to such costs should be overruled.

Finally, HII is entitled to recover only $5,562.34 in witness fees and related expenses. Under section 1920 and 28 U.S.C. § 1821(b), a prevailing party is entitled to recover witness attendance fees in the amount of $40.00 for each witness for each day of testimony. *See* 28 U.S.C §§ 1821(b) & 1920(3); *Rundus*, 2009 WL 3614519, at *1. This includes days spent giving deposition testimony. *See* 28 U.S.C. § 1821(a)(1); *West Wind Africa Line, Ltd. v. Corpus Christi Marine Servs. Co.*, 834 F.2d 1232, 1237 (5th Cir. 1988). However, because a witness attendance fee may not be taxed when the witness does not appear and testify, *Gordon v. Cinergy Corp.*, No. 4:05-CV-00451, 2007 WL 471130, at *3 (S.D. Tex. Feb. 9, 2007) (denying witness fee for subpoenaed witnesses when summary judgment disposed of need for trial), HII's recovery does not include witness attendance fees of $40 each paid to Brian Merrill and Patrick Stillman in connection with trial subpoenas that

HII issued in preparation for trial. The trial was cancelled and these witnesses never actually appeared or testified. Relator's objections to these costs should be sustained.

Fees and expenses for the witnesses who appeared at depositions are recoverable as taxable costs subject to the provisions of 28 U.S.C. § 1821. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (per curiam) (section 1920(3) "must be read in conjunction with section 1821 which, in effect, defines the taxable fees and disbursements associated with witnesses ... [and] includes expenses associated with a witness'[s] travel and lodging."). Among other expenses, a court may award actual travel costs for witnesses who travel by common carrier at "the most economical rate reasonably available" and taxicab fares between the witnesses' places of lodging and carrier terminals. *Id.*, 28 U.S.C. §§ 1821(c)(1) & (3); *see also id.*, § 1821(c)(4) ("All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920[.]"). However, a court may not award witness subsistence costs in excess of the statutorily-authorized per diem amount. *United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 575 n. 12 (5th Cir. 2005). Accordingly, the Court determines that Relator's objections to $1,511.40 in airfare and $32.00 in cab fare for Lt. James McFerran and $1,259.40 in airfare for Lt. Jeffrey Payne should be overruled. Relator offers nothing other than his own suspicion that the airfare charged was not the most economical rate reasonably available. HII's recovery for disbursements to witnesses includes these amounts.

The Court comes to a different conclusion with respect to Relator's objections to the charges for Lt. James McFerran's meals and incidentals, which exceed the statutorily-authorized per diem by $86.36. Relator's objections to the excess costs should be sustained. HII's recovery for witness disbursements does not include such amounts.

## RECOMMENDATION

The District Court should SUSTAIN in PART and OVERRULE in part Plaintiff's objections (Doc. 535) to Defendants' separate bills of costs. The objections should be sustained with respect to HII's request for $80.00 in costs for witness attendance fees and $86.36 in costs for witness disbursements in excess of the statutorily-authorized per diem. In all other respects, the objections should be overruled. The Clerk should be instructed to tax costs against Plaintiff in the amount of $75,131.21 for the benefit of Integrated Coast Guard Systems, LLC and $61,059.73 for the benefit of Huntington Ingalls Incorporated, f/k/a Northrup Grumman Shipbuilding, Inc., successor by merger to Northrup Grumman Ship Systems, Inc.

SO RECOMMENDED, March 27, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

-10-